UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:16-CV-24943-JG

AYNOUR SOLIMAN,

    Plaintiff,

vs.

SOBE MIAMI, LLC d/b/a PALACE BAR, a
Florida limited liability company, and THOMAS
J. DONALL, individually,

    Defendants.
_____/

## PLAINTIFF AND DEFENDANTS' CORRECTED JOINT MOTION TO APPROVE SETTLEMENT

Plaintiff, Aynour Soliman, and Defendants, SOBE Miami, LLC d/b/a Palace Bar and Thomas J. Donall, by and through their undersigned attorneys, file this corrected joint motion for approval of the settlement agreement and request an order of dismissal with prejudice, and state as follows:

### PRELIMINARY STATEMENT

The Plaintiff, who was formerly employed by Palace as a server, filed a complaint against Defendants claiming certain violations of the Fair Labor Standards Act ("FLSA"). In particular, Plaintiff claimed that Defendants failed to pay her full minimum wages and overtime compensation. To avoid the costs and uncertainty of litigation, the parties have negotiated a settlement of all claims brought by Plaintiff against the Defendants. As a material term, the parties agreed that the settlement agreement would be confidential and Plaintiff was paid additional consideration for same. Simultaneously herewith, the parties will submit the settlement agreement for the Court's review and approval by way of separate email to maintain confidentiality as per the parties' agreement to maintain confidentiality. Accordingly, the parties

ACTIVE: P23750/381226:11258221_1

LAW OFFICES
BECKER & POLIAKOFF, P.A.
625 N. FLAGLER DRIVE • 7TH FLOOR • WEST PALM BEACH, FL  33401
TELEPHONE (561) 655-5444

request that the Court approve the terms of the settlement agreement in this matter pursuant to *Lynn's Food Stores Inc. v. U.S.*, 679 F.2d 1350 (11th Cir. 1982) and dismiss this case with prejudice.

## **MEMORANDUM OF LAW**

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court.  *See Lynn's Food Stores, Inc.*, 679 F.2d at 1350.  To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.  *Id.* at 1354.  If the settlement meets the afore-mentioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.*; *see also Sneed v. Sneed's Shipbuilding, Inc.,* 545 F.2d 537, 539 (5th Cir. 1977).

Plaintiff filed this lawsuit against the Defendants alleging that the Defendants violated the law by failing to pay her overtime wages for work performed in excess of forty hours per week and by failing to pay minimum wages for certain hours worked because of an alleged unlawful tip pool.  Defendants vigorously defended against these claims, maintained Plaintiff was paid for all of her overtime work and properly paid minimum wage for each hour worked, and otherwise denied any violation of the law. However, in order to resolve this matter, Defendants agreed to pay Plaintiff all amounts claimed to be due and owing plus additional compensation for confidentiality.  Thus, there has been no compromise of Plaintiff's claimed damages.

Further, Plaintiff's attorneys' fees and costs will be paid separately as per the parties' agreement. Counsel for Plaintiff stipulate that the amount being paid for attorney's fees and costs is fair and reasonable, and that Plaintiff accepts this amount in full satisfaction of the attorney's

fees and costs incurred on the Plaintiff's behalf.  Specifically, Plaintiff's counsel contend that they have spent a total of 254 hours of attorney time to date in this case, at an hourly attorney rate of $400, and, taking into consideration attorney time efficiency and eliminating double and overlapping entries, have total recoverable attorney fees in the amount of $89,320.00.  In addition, Plaintiff's counsel have incurred $3,761.00 in costs and expenses to date. The total amount of fees being paid to Plaintiff's counsel in settlement, minus the incurred costs, thus total $15,239.00, which is a relatively small fraction – approximately 17% -- of the total fees incurred to date and should be considered fair and reasonable.

For these reasons set forth above, in addition to the fact that the parties were represented by competent counsel having experience in wage and hour claims, the parties ask this Court to declare that the settlement agreement is reasonable and to approve it.

WHEREFORE, the parties respectfully request that the Court enter an Order: (1) approving the terms of the settlement of Plaintiff's claims; (2) dismissing this action with prejudice; and (3) granting the parties such further relief as the Court deems just.

Dated: August 21, 2018.

/s/ Roderick V. Hannah_____
Roderick V. Hannah, Esq.
Fla. Bar No. 435384
RODERICK V. HANNAH, ESQ., P.A.
8751 W. Broward Blvd., Ste. 303
Plantation, FL 33324
Telephone: (954) 362-3800
Facsimile: (954) 362-3779
Email: rhannah@rhannahlaw.com
*Counsel for Plaintiff*

/s/ Pelayo M. Duran_____
Pelayo M. Duran, Esq.
Fla. Bar No. 0146595
LAW OFFICE OF PELAYO DURAN, P.A.
4640 N.W. 7th Street

/s/ Jamie B. Dokovna_____
Jamie B. Dokovna, Esq.
Fla. Bar No. 592722
BECKER & POLIAKOFF, P.A.
625 North Flagler Drive, 7th Floor
West Palm Beach, Florida  33401
Telephone:  (561) 655-5444
Facsimile:   (561) 832-8987
Email:  jdokovna@beckerlawyers.com

*Counsel for Defendants*

CASE NO. 1:16-CV-24943-JG

Miami, FL 33126-2309
Telephone: (305) 266-9780
Facsimile: (305) 269-8311
Email: pduran@pelayoduran.com

*Co-Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of August 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    RODERICK V. HANNAH, ESQ., P.A.
    Attorneys for Plaintiffs
    8751 West Broward Boulevard, Suite 303
    Plantation, Florida 33324
    Telephone: (954) 362-3800
    Facsimile: (954) 362-3779
    Email: rhannah@rhannahlaw.com

    By   /s/ Roderick V. Hannah
        Roderick V. Hannah
        Fla. Bar No. 435384

CASE NO. 1:16-CV-24943-JG

## SERVICE LIST

**Roderick V. Hannah, Esq.**
RODERICK V. HANNAH, ESQ., P.A.
8751 West Broward Blvd, Suite 303
Plantation, FL  33324
rhannah@rhannahlaw.com
*Counsel for Plaintiff*

**Pelayo M. Duran, Esq.**
LAW OFFICE OF PELAYO DURAN, P.A.
4640 N.W. 7th Street
Miami, FL  33126-2309
pduran@pelayoduran.com
kflynn@rhannahlaw.com; mperez@pelayoduran.com
*Co-Counsel for Plaintiff*